<hr/>

## Nealy vs. Powell.

To recover property, lost upon a bet or wager, and delivered to the winner, the loser must pursue the remedy given him by the statute—by action of *detinue* or *trover; replevin* will not lie in such case.

*Appeal from Crawford Circuit Court.*

Hon. Felix I. Batson, Circuit Judge.

Walker & Green, for the appellant.

The remedies prescribed by the statute are *debt*, if for money, and *trover* or *detinue*, if for property. *Digest chap.* 77, *sec.* 1.

" Where a statute creates a right or defines a wrong, which had no existence at the common law, and prescribes a remedy to enforce or protect the one, or redress the other, no action would lie at common law, but that prescribed by statute, and no other must be adopted." *Blackwell on Tax Titles* 729; 23 *Pick.* 36; 3 *Metc.* 380; 1 *Ib.* 130, 553; 2 *Ib.* 599; 13 *Barb. S. C. R.* 209; 32 *Maine* 553; 5 *Johns.* 175; 1 *Blackford* 405; 7 *Hill* (*N. Y.*) 575; 1 *Manning* 193.

At common law the loser, after a delivery of the property to the winner, was remediless.   *McHatton vs. Bates et al.*, 4 *Blackford* 63; *McCullum vs. Courlay*, 8 *Johns.* 147; *Bunn vs. Riker*, 4 *Ib.* 426; *Houron vs. Hancock*, 8 *Tenn.* 575; *Starkie on Ev.*, 2 *vol.*, *m· p.* 1234; *Chitty on Con.* 494, 712.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

William M. Powell brought an action of *replevin* in the detinet, against Joseph Nealy, for a mare, in the Crawford Circuit Court.

The cause was submitted to the Court on an agreed statement of facts, as follows:

The plaintiff was the owner of the mare on the 8th of August, 1856, and had her in his possession; and on that day delivered her to the defendant in consideration that the defendant had, as was supposed by both parties at the time, won her from the plaintiff, on the result of the sheriff's election, which had then lately taken place in the county of Crawford, etc. That the plaintiff, soon after the delivery of the ·mare to the defendant, learning that the result of the election would be contested, and, believing the result uncertain, called upon the defendant to re-deliver the mare to him until the result should be ascertained, etc.; which the defendant refused to do, but kept possession of the mare, and the plaintiff brought replevin, etc.

Upon these facts the defendant's counsel submitted, that detinue and trover were the remedies prescribed by the statute for the recovery of property lost on a wager, and that the action of replevin would not lie in such case; but the Court ruled that the remedies prescribed by the statute for the recovery of property lost on a wager, are cumulative, and the loser is left to his election to pursue the common law or statutory remedies; and that the plaintiff was entitled to recover the mare on the above facts, etc.   Finding and judgment accordingly for the plaintiff, and appeal by the defendant.

Betting on elections is contrary to good morals, and public

policy, and consequently, upon common law principles, the winner cannot recover' money or property won by him upon an election; and if money or property be delivered by the loser, he cannot recover it back by any form of action. *Horn vs. Foster,* 19 *Ark.* 355; *McHatton vs. Bates,* 4 *Blackf. R.* 63. The Courts will not help either party. *McCullum vs. Courlay,* 8 *John. R.* 147; *Jeffrey vs. Ficklin et al.,* 3 *Ark.* 222.

Our statute (*Gould's Dig., chap.* 78, *sec.* 1,) provides that " Any person who shall lose any money or property, at any game or gambling device, or any bet or wager whatever, may recover the same by action of debt, if for money, and if for property by action of *detinue* or *trover,* against the person winning the same; but such suit shall be instituted within ninety days after the paying over of the money or property so lost."

When a statute gives a new right, and prescribes a particular remedy for its recovery, such remedy must be strictly pursued; though it is otherwise when a statute gives a right without prescribing the remedy. In the latter case, the common law affords the remedy; and any suitable form of action may be adopted. *Wiley et al. vs. Yale,* 1 *Metcalf R.* 544; 2 *Bur.* 803.

The loser having no remedy by the common law to recover back property lost by betting upon an election and delivered to the winner, must follow the remedy given him by the statute. The judgment is reversed, and the cause remanded, etc.